## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

PATRICK EDDINGTON,                          )
                                            )
      Plaintiff,                     )
                                            )
      v.                             )
                                            )
OFFICE OF INSPECTOR GENERAL                 )
DEPARTMENT OF DEFENSE,                      )
                                            )
      Defendant.                     )

## COMPLAINT

Plaintiff Patrick Eddington brings this suit to overturn Defendant Department of Defense's refusal, in violation of the Freedom of Information Act, to produce records in a timely manner relating to ThinThread and Trailblazer, signals intelligence (SIGINT) collection programs which were designed by the NSA to conduct global SIGINT surveillance and collection on analog and digital networks, including networks and communications modalities used by American citizens.  Trailblazer was cancelled after major cost overruns and was the subject of a DOD investigation.

## INTRODUCTION

1.      Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

## PARTIES

2.      The Plaintiff in this case is PATRICK EDDINGTON.  EDDINGTON is a Policy Analyst in Homeland Security and Civil Liberties at the Cato Institute.  EDDINGTON

previously worked for Representative Rush Holt for a decade, with a focus on intelligence community oversight.

3.      Defendant DOD is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.

5.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) because a plaintiff may always bring suit in the District of Columbia.

## THINTHREAD AND TRAILBLAZER

6.      The ThinThread project was undertaken by the NSA in the 1990s.  ThinThread was designed to gather data and records including financial transactions, travel records, and phone and email communications and process it all as it was gathered, which was revolutionary at the time.

7.      In order to protect the privacy rights of American citizens, protections were built into ThinThread to anonymize and encrypt all collected data on Americans. In the event that a link between a foreign power or agent of a foreign power (as defined in 50 U.S.C. § 1801, as amended) and a U.S. Person was detected, the communications of the U.S. Person in question could be decrypted pursuant to a judicial order, and a preliminary investigation opened to determined whether a threat to national security existed.

8.      All of this occurred before the September 11 terrorist attacks, and despite successful internal tests at NSA and limited research and development testing against real-world targets that showed the viability of ThinThread as a constitutionally-compliant intelligence tool,

NSA's lawyers blocked operational deployment of ThinThread, claiming the system was not sufficient in preventing potential violations of American's privacy rights.

9.      During this same time frame, then-NSA Director Michael Hayden opted to create Trailblazer, a competitor to the ThinThread concept developed by an outside contractor. Trailblazer never produced a single piece of intelligence and was subsequently both cancelled after major cost overruns and the subject of a Department of Defense Inspector General investigation, the results of which plaintiff has sought through the Freedom of Information Act.

10.     After the September 11 attacks, with approval from the White House, the NSA started using a modified version of ThinThread, lacking it's privacy and civil liberties protection algorithms to conduct warrantless surveillance of American citizens under the Stellar Wind program.

11.     NSA crypto-mathematician William Binney, the creator of ThinThread, along with other ThinThread program staff and one staff member of the House Permanent Select Committee on Intelligence, Diane Roark, subsequently filed a whistleblower waste, fraud, and abuse complaint with the Department of Defense's Inspector General office regarding the Trailblazer program.  That investigation resulted in at least one classified DoD IG report being issued in December 2004.

12.     According to public statements by Binney and other former ThinThread program staff, a leak from the Defense Department's Inspector General office to the Department of Justice falsely accused Binney, other ThinThread program staff, and Roark of leaking classified information to the press. As a result of the false classified leak allegation, armed FBI agents raided the homes of Binney, other former ThinThread program staff, NSA Senior Executive Service member and ThinThread proponent Thomas Andrews Drake, and Diane Roark.

13.     Binney and the other whistleblowers who signed the Defense Department IG complaint, along with Drake, were threatened with prosecution.  The government ultimately only prosecuted Drake under the Espionage Act.  Eventually all felony charges against Drake were dropped.  Drake pled guilty to a misdemeanor, "exceeding authorized use of a computer."

14.     The United States Office of Special Counsel is investigating the conduct of the Department of Defense's Inspector General office for its handling of the Drake case as a whistleblower reprisal action.

## EDDINGTON'S FOIA REQUEST

15.     On March 23, 2015, EDDINGTON requested records related to ThinThread and Trailblazer, including but not limited to the full declassified report for the Trailblazer and ThinThread systems, full declassified versions of any other DOD records related to the ThinThread and Trailblazer programs, and full declassified versions of any DOD records relating to investigations of civil liberties or privacy rights violations by NSA personnel from September 12, 2001, to March 23, 2015.  Eddington also requested expedited processing.  A true and correct copy of EDDINGTON's March 23 request is attached as Exhibit A.

16.     On March 31, 2015, DOD denied EDDINGTON's request for expedited processing and produced a copy of the minimally declassified 2004 DOD report on ThinThread/Trailblazer.  A true and correct copy of the March 31 email is attached as Exhibit B.

17.     On April 13, 2015, EDDINGTON appealed DOD's denial of his request for expedited processing.  A true and correct copy of the April 13 appeal is attached as Exhibit C.

18.     On August 5, 2015, EDDINGTON faxed a follow-up letter to DOD regarding his request.  A true and correct copy of the August 5 fax is attached as Exhibit D.

19.     On September 11, 2015, upon appellate review, DOD granted EDDINGTON's request for expedited processing.  DOD also stated that it forwarded the relevant material to the

appropriate original classification authority and requested it to conduct a review to see if additional information could be released.  A true and correct copy of the September 11 letter from DOD is attached as Exhibit E.

20.     On September 15, 2015, having not yet received the September 11 letter, EDDINGTON sent a request for a status update.    A true and correct copy of the September 15 follow-up is attached as Exhibit F.

21.     On November 10, 2015, EDDINGTON requested an update and an expected completion date.  A true and correct copy of the November 10 follow-up is attached as Exhibit G.

22.     As of January 4, 2016, DOD had not responded.

23.     On January 4, 2016, EDDINGTON reiterated his request that DOD provide an estimated date of completion.  A true and correct copy of the January 4 follow-up is attached as Exhibit H.

24.     On January 11, 2016, DOD replied to EDDINGTON stating that the estimated completion date for his request was April 30, 2016.  A true and correct copy of the January 11 email is attached as Exhibit I.

25.     As of June 23, 2016, EDDINGTON had not received any further communication from DOD.

26.     On June 23, 2016, EDDINGTON sent DOD an email inquiring about his request.  A true and correct copy of the June 23 email is attached as Exhibit J.

27.     As of the date of filing of this Complaint, EDDINGTON has not received any further communication from DOD.

## COUNT I – VIOLATION OF FOIA

28.     The above paragraphs are incorporated by reference.

29.     Defendant DOD is an agency subject to FOIA.

30.     The requested records are not exempt under FOIA.

31.     Defendant DOD has refused to produce the requested records in a timely manner.

**WHEREFORE**, EDDINGTON asks that the Court:

   i.     declare that DOD has violated FOIA;

  ii.     order DOD to produce the requested records;

 iii.     enjoin DOD from withholding non-exempt public records under FOIA;

  iv.     award Plaintiff reasonable attorneys fees and costs;

   v.     award such other relief the Court considers appropriate.


RESPECTFULLY SUBMITTED,

*/s/ Karen J. Gray*

_____

Attorneys for Plaintiff
PATRICK EDDINGTON


Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
matt@loevy.com
joshb@loevy.com
Atty. No. 41295

Karen J. Gray (DC Bar No. 488760)
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, DC 20006
Ph: (202)457-0034 ext. 122
Fax: (202) 457-0059
Eml: kareng@whistleblower.org